FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 OCT 14  PM 12: 32

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN B. GERMAN, III | CIVIL ACTION |
| VERSUS | NO. 05-2161 |
| BENJAMIN K. LOWRANCE, ET AL | SECTION "C" (4) |

ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion to remand.  Having considered the record, the memoranda of counsel and the law, the Court has determined that the defendants have not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.  <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).  Bare assertions are insufficient to invest a federal court of jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district

1

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The four plaintiffs, two adult parents and their two children, filed in state court seeking damages for injuries allegedly sustained when they were involved in an automobile accident on April 30, 2004.  The plaintiff did not request a jury trial in state court.  The defendants removed on the basis of diversity

jurisdiction, which the plaintiffs maintain in this motion does not exist due to a lack of the jurisdictional minimum amount in controversy.

The defendants argue that it is "facially apparent" that the jurisdictional amount exists because the petition states, among other things, that the defendant driver was speeding and "violently struck" the plaintiffs' vehicle resulting in "serious and painful injuries," "handicap[] in employment," and future medical care.  The Court disagrees that the allegations set forth in the petition support a finding that the jurisdictional amount is facially apparent.

In addition, despite the fact that the accident took place more than a year ago, the record is devoid of any medical reports or evidence indicating that any of the plaintiffs has sustained an injury which meets the jurisdictional minimum.  Rather, the medical bills indicate that far less than the requisite amount has been expended on injuries allegedly sustained in this accident, no surgery has been recommended and no long-term care prescribed for any injury.  In the absence of a specific medical diagnosis and treatment, quantum study comparisons become meaningless.  In short, there is no indication that the jurisdictional amount has been met as to any plaintiff.

In addition, the defendants seem to argue that a binding

stipulation from a plaintiff is required in all removal cases to prevent remand. Again, this Court disagrees that the appropriate analysis requires a stipulation in all cases where remand is sought.

Based on the record and the law, the Court finds that the defendant has not shown that the amount in controversy exceeds $75,000 at this time. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that plaintiffs' motion to remand is GRANTED. This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 14th day of October, 2005.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE